BAKER *v.* FIRST NAT. BANK OF JACKSON.*

(Division A.    June 6, 1927.)

[113 So. 205.    No. 26441.]

1. BANKS AND BANKING.    *Test of liability of bank for not paying check held not legibility of signature thereto but its correspondence to deposited model.*

   Test of liability of a bank to a depositor for not paying his check, where he had, under its requirement, deposited with it a model of his signature, is, not whether his signature to the check is illegible, but whether it corresponds with the deposited model.

2. TRIAL.    *Instruction authorizing consideration on damages of a fact of which there was no evidence held properly refused.*

   There being no evidence that plaintiff suffered damage because of being delinquent in payment of his taxes, instruction authorizing consideration of the fact of his being made delinquent in assessing damages was properly refused.

---

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, p. 674, n. 39 New; Trial, 38Cyc, p. 1617, n. 34; p. 1618, n. 36.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Action by C. A. Baker against the First National Bank of Jackson. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Plaintiff's fifth requested instruction, which was refused, is as follows:

"The court instructs the jury that, if you believe from the evidence that the check involved in this case was for taxes as stated on its face, and that, by reason of the failure of the bank to promptly cash said check when it was presented for payment, the plaintiff was thereby caused to be delinquent, and disfranchised, then you are authorized, if you find for the plaintiff, to take into consideration the fact that he was disfranchised and delinquent, in assessing substantial damages in his favor."

*G. Q. Whitfield,* for appellant.

I. A bank is required to know the signature of each of its general depositors and it is presumed by law to know such signatures. That a bank must know the genuine signature of its depositors is laid down in every text book available on the subject as well as in decisions from every supreme court. *Williams* v. *Tishomingo Savings Institution,* 57 Miss. 633; 5 R. C. L., page 552, section 77; 69 L. R. A. 343, note.

The bank in this case was bound to know the signature of Mr. Baker and being thus bound, it is no defense to say that the signature was illegible. It accepted his card with his signature thereon and if it accepted an illegible signature, it must cash checks on an illegible signature. Some checks are even signed by marks and the bank is bound to know the mark.

II. It was reversible error for the court to refuse to permit the plaintiff to introduce checks signed by him while he banked with the First National Bank of Canton, Mississippi, just before he banked with the First National Bank of Jackson, Mississippi, showing the signature of these checks by way of comparison with the signature on the check in question, for the purpose of showing that those checks were legible to the employees of the Canton bank and were cashed by said bank although the First National Bank of Jackson pretended that the signature, exactly like the Canton check signatures, was illegible. The plaintiff had a right to have the jury

know that other bank employees could read his signature and that the alleged defense was a pretended and manufactured defense to keep from paying damages. 15 Tex. Civ. App. 184.

*J. A. Teat,* for appellee.

This suit is brought under the decision of this court in *Grenada Bank* v. *Lester,* 126 Miss. 442, 89 So. 2. Appellant says that it is the business of the bank to know the genuine signature of its depositors and that such is laid down in the text books and decisions of the various courts. This is our understanding of the law and also that any bank would be held liable for the paying out of money on a forged signature.

The authorities cited by counsel are predicated upon a very different question than the one here involved and in these cases the courts had in mind and were deciding the questions of the liability of the bank for charging a forged check against the account of a depositor. These decisions are not based upon a claim or suit against the bank for "wrongfully dishonoring" a check.

In *Williams* v. *Tishomingo Savings Institution,* 57 Miss. 633, the court was discussing a case where a forged check was involved. Again, in 5 R. C. L., section 77, attention was directed to the liability of a bank for paying out money on a forged check wrongfully charged against the account of one of its depositors.

Also, in the notes cited in 69 L. R. A. 343, and the authorities referred to, the court was announcing a rule of liability of the banks for the payment of money upon a forgery. The bank was fully cognizant of its duty to the depositors to see that their money was not paid out upon a false or illegible signature, or at any rate not paid out improperly. Under this particular circumstance and in view of the very matter presented, the bank exercised the highest degree of care by returning the check, so that it could receive sufficient information to act intelligently upon the check. There is no com-

plaint but that the check received prompt attention and was properly sent back to the payee, W. C. Taylor.

The plaintiff elected to stake his case on the simple issue of the legibility of the signature. The jury had the check and the signature card and made the comparison for themselves, and returned their verdict upon this issue of fact so submitted by the plaintiff below to the jury. This finding of fact was for the defendant. This was the real issue in the case.

In view of the fact that all of the instructions read together fairly, clearly and distinctly defined the issue of fact to be determined, the verdict in this case is binding and final. *I. C. R. R. Co.* v. *Smith,* 102 Miss. 276, 59 So. 87; *St. L. R. R. Co.* v. *Moore,* 101 Miss. 768; *Sov. Camp, W. O. W.* v. *McDonald,* 109 Miss. 67; *M. & O. R. R. Co.* v. *Campbell,* 114 Miss. 803, 75 So. 554.

Argued orally by *J. Q. Whitfield,* for appellant, and *J. A. Teat,* for appellee.

Smith, C. J., delivered the opinion of the court.

Baker sued the bank for damages for the failure of the bank to pay a check drawn on it by Baker when he had money in the bank to his credit. There was a verdict and judgment for the bank.

When Baker first began to deposit money with the bank, it required him to deposit with it a model, or copy of his signature, by which it would pay his checks. The check in question was payable to a sheriff, and was given in payment of taxes due by Baker. When it was presented to the bank, payment was declined on the ground that the signature was illegible. The signature is somewhat difficult to read, as is also the model thereof that had been left with the bank. The signature of the check was not compared by the bank's employees with the model on deposit with it. The excuse for not so doing was that they could not tell from the check with what

model of the signatures of the bank's customers to compare it.

The court below charged the jury to find for the bank if the signature to the check was illegible. That was not the test by which to determine the liability of the bank. The test thereof is the correspondence *vel non* of the signature on the check with the model thereof left by Baker with the bank. The effect of the deposit with a bank by its customer of a model of his signature is that the bank is authorized and required to pay his check when signed by him in accordance therewith. The signature may be in any form that the customer and the bank may agree on, though illegible and meaningless when dissociated from the model thereof on deposit with the bank. The bank is charged with knowledge of the model of its customer's signature deposited with it, and must pay checks when signed by him in accordance therewith. The instruction hereinbefore referred to should not have been given.

The court below committed no error in refusing the fifth instruction of the appellant, which the reporter will set out. Assuming for the sake of argument only that such instruction would have been proper had the evidence disclosed that the appellant did, in fact, suffer damage because of being delinquent in the payment of his taxes, the evidence does not disclose that he suffered any damage thereby.

*Reversed and remanded.*